O

# UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### LAREDO DIVISION

| | | |
|---|---|---|
| LAREDO ENERGY HOLDINGS, LLC, AND REED PETROLEUM, LLC, ON BEHALF OF LAREDO ENERGY HOLDINGS, LLC, § § § § § § Plaintiffs, § § vs. § § E & D SERVICES, INC. AND § S. LAVON EVANS, JR., § § Defendants, § § AND § § LAREDO ENERGY HOLDINGS, LLC, § § Nominal Defendant. § | | Civil Action No. 5:07-CV-67 |

## O R D E R

Pending before this Court is LBK Realty Two, LLC's Motion to Intervene as a party-plaintiff [Doc. No. 42] and Joshua P. Weidemann's Motion to Appear *Pro Hac Vice* on behalf of LBK Realty Two, LLC [Doc. No. 43]. Both motions were filed October 8, 2007. LBK Realty Two, LLC ("LBK") signed a security agreement with Reed Cagle as Manager of Reed Petroleum, LLC and as Manager of Laredo Energy Holdings. LBK agreed to extend credit to Reed Petroleum, LLC in the amount of $7,007,000.00, in exchange for Laredo Energy Holdings, LLC's grant of a security interest in Rig 12 to LBK. [*See* Doc. No. 42 ¶ 6]. Defendants and Plaintiffs respectively filed their responses to the Motion to Intervene on October 18, 2007 and October 29, 2007 [Doc. Nos. 46, 48]. LBK Realty Two, LLC's Motion to Intervene and Joshua

P. Weidemann's Motion to Appear *Pro Hac Vice* are hereby GRANTED.

**I.      Motion to Intervene**

In the Motion to Intervene, LBK argues that it has a right to intervene under Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, the Court should permit its intervention under Federal Rule of Civil Procedure 24(b). [*See* Doc. No. 42]. In response, Defendants oppose the Motion to Intervene only to the extent that granting the Motion would delay or defer a ruling of Defendant's Motion for Summary Judgment. [*See* Doc. No. 46]. Plaintiffs agree that LBK should be allowed to intervene in the present action and, furthermore, do not oppose Joshua P. Weidemann's Motion to Appear *Pro Hac Vice*. [*See* Doc. No. 48].

        A.      Rule 24(a)(2) Intervention of Right

A party seeking to intervene as of right under Federal Rule of Civil Procedure 24(a)(2) must satisfy four requirements: (1) the application must be timely; (2) the applicant must have an interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and (4) the applicant's interest must be inadequately represented by the existing parties to the suit. Fed. R. Civ. P. 24(a)(2); *Sierra Club v. Espy*, 18 F.3d 1202, 1204-05 (5th Cir. 1994) (citing *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984)). If a party seeking to intervene fails to meet any one of these requirements, it cannot intervene as a matter of right. *Sierra Club*, 18 F.3d at 1205 (citing *Kneeland v. National Collegiate Athletic Ass'n*, 806 F.2d 1285, 1287 (5th Cir. 1987)).

        1.      *Timeliness of LBK's Motion*

To determine the timeliness of LBK's Motion to Intervene, the Court must consider four

factors: (1) the length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if intervention is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely. *Sierra Club*, 18 F.3d at 1205 (citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264-66 (5th Cir. 1977) (citations omitted)).

The analysis is contextual; absolute measures of timeliness should be ignored. *Sierra Club*, 18 F.3d at 1205 (citations omitted). The requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner. *Id*. (citations omitted). Federal courts should allow intervention "where no one would be hurt and greater justice could be attained." *Id*. (citations omitted).

LBK did not wait an unreasonably long time before it filed the Motion to Intervene. The record indicates that the present case was removed from State Court on June 4, 2007 [Doc. No. 1]. Over the past few months, there has been limited motion practice. The last motion before LBK's Motion to Intervene was Defendants' Motion for Summary Judgment, filed on October 1, 2007 [Doc. No. 38]. One week later, LBK filed the Motion to Intervene. In addition, the existing parties would not be prejudiced by LBK's intervention at this time. LBK agrees with the parties' current discovery plans and scheduling order as issued by the Court on October 4, 2007. [*See* Doc. No. 42 ¶ 7(d)]. Also, in the Joint Discovery Report, the parties anticipated

LBK would intervene in the current action. [*See* Doc. No. 26 ¶ 6]. The Court further does not anticipate that allowing LBK's intervention would delay or defer the Court's ruling on Defendants' Motion for Summary Judgment. On the other hand, if the Court were to deny intervention, LBK would experience great prejudice as its security interest in Rig 12 would not be adequately represented by the existing parties. The Court is unaware of any unusual circumstances militating either for or against a determination that the application is timely. After considering the aforementioned factors, the Court concludes that LBK's Motion to Intervene is timely.

### 2.     *LBK's Interest in Subject Matter of Action*

The second requirement for intervention as a matter of right under Rule 24(a) is that the applicant have an "interest" in the subject matter of the action. The interest must be "direct, substantial, [and] legally protectable." *Sierra Club*, 18 F.3d at 1207 (citing *Piambino v. Bailey*, 610 F.2d 1306, 1321 (5th Cir. 1980)). LBK asserts that it entered into a security agreement with Reed Cagle and Laredo Energy Holdings, LLC, whereby LBK extended $7,007,000.00 in credit. Laredo Energy Holdings, LLC secured the loan by using Rig 12. [*See* Doc. No. 42 ¶ 6]. In the present action, Plaintiffs have claimed several causes of action related to Defendants' alleged mishandling of Rig 12 and another rig. LBK is concerned that Defendants' alleged actions place at risk LBK's security interest in Rig 12. *Id*. at ¶ 5. The parties have not disputed these contentions. As such, LBK has shown that it has a "direct, substantial, [and] legally protectable" interest in the subject matter of the current action.

### 3.     *Impact of Disposition of Action on LBK*

The third requirement of Rule 24(a) is that the applicant must be so situated that the

disposition of the action may, as a practical matter, impair or impede its ability to protect its interest. *Sierra Club*, 18 F.3d at 1207. LBK contends that common issues of law and fact apply to the claims of LBK and Plaintiffs. Hence, LBK is concerned that this litigation will decide issues of fact and law that will limit or preclude LBK's claims against or ability to recover its secured interest. [*See* Doc. No. 42 ¶ 7(b)]. This Court agrees. The issue of whether Defendants infringed on Plaintiffs' possessory interest in Rig 12 impacts LBK's security interest. Because of the precedential effect of the district court's decision, an adverse resolution of the action against Plaintiffs would impair LBK's ability to protect its interest. Such an adverse *stare decisis* effect supplies the requisite disadvantage needed to satisfy this test. *See Sierra Club*, 18 F.3d at 1207.

4. *Adequacy of Representation of LBK's Interest*

The final requirement for intervention as a matter of right is that the applicant's interest must be inadequately represented by the existing parties to the suit. The applicant has the burden of demonstrating inadequate representation, but this burden is "minimal." *Sierra Club*, 18 F.3d at 1207 (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)). The applicant need only show that representation "may be" inadequate. *Id*. Here, LBK asserts that its interests are adverse to both Plaintiffs and Defendants, and, therefore, wishes to secure its interest against either party. [*See* Doc. No. 42 ¶ 7(c)]. Based on the facts in the record, LBK has shown that it "may be" inadequate if Plaintiffs or Defendants were to represent LBK's interest.

B. Conclusion

Applying the four requirements of Rule 24(a), the Court concludes that LBK is entitled to intervene as a matter of right. LBK's motion is timely and indicates a legitimate interest in the

subject matter. Moreover, failure to allow intervention would impair LBK's ability to protect its security interest in Rig 12. The Court also finds that the current plaintiffs may not be able to represent adequately LBK's interest. Since the Court finds that LBK Realty Two, LLC may intervene as a matter of right, an analysis of permissive intervention under Federal Rule of Civil Procedure 24(b) is unnecessary. As such, LBK Realty Two, LLC's Motion to Intervene is GRANTED; LBK Realty Two, LLC shall file its Complaint within ten (10) days of the date of this order.

## II.     Motion to Appear *Pro Hac Vice*

Pending before this Court is Joshua P. Weidemann's Motion to Appear *Pro Hac Vice* in the above-styled and numbered cause [Doc. No. 43]. Mr. Weidemann seeks to appear as the attorney for LBK Realty Two, LLC. Since this Court has granted LBK Realty Two, LLC's Motion to Intervene in the present action, IT IS HEREBY ORDERED that counsel's request is GRANTED and that Joshua P. Weidemann may leave to appear *pro hac vice* in this case.

IT IS FURTHER ORDERED that Joshua P. Weidemann familiarize himself with the Local Court Rules for the Southern District of Texas. While counsel are ordinarily required to apply for admission in the Southern District of Texas as a condition of appearance *pro hac vice* in any case, this Court has made an exception for out-of-district counsel if their practice in the Southern District will be limited to one case.

Should Joshua P. Weidemann apply to appear *pro hac vice* in any other action in the Southern District of Texas, he shall advise this Court of such application, and this Court will then order counsel to apply for admission to the Southern District of Texas. Further, should counsel desire to appear in another case in this District *pro hac vice*, it is his duty to notify the

Court in which he appears of this earlier application.

IT IS SO ORDERED.

DONE at Laredo, Texas, this 6th day of November, 2007.

_____
Adriana Arce-Flores
United States Magistrate Judge